## COMMONWEALTH *vs.* RICHARD C. HICKS.

In an indictment for wilfully and maliciously obstructing a horse railroad company in the use of its road, the actual enjoyment and use of the franchise by the company is sufficient to authorize the jury to find, in the absence of any proof to the contrary, that its location was lawful; and it is not necessary to prove that the defendant was requested to remove from the track and refused to do so, if the jury are satisfied from other evidence that his obstructing the cars was wilful and malicious.

In such indictment, the intention of the defendant is sufficiently alleged by charging in the words of the statute that his acts were " wilfully and maliciously " done.

INDICTMENT charging that on a day named, at Boston, in the county of Suffolk, there was and still is a certain railroad track then and there belonging to the Middlesex Railroad Company, a corporation," &c., " and that said railroad track was then and there in the lawful possession of the said Middlesex Railroad Company, and lawfully used by said Middlesex Railroad Company for the passage and drawing the railroad cars and carriages of said company with passengers over and along said track, the said company then and there having lawful authority to pass and run their said railroad cars and carriages along, over and upon the said track without being unlawfully, wilfully and maliciously obstructed;" that the defendant, on the day named, " did wilfully, maliciously and unlawfully obstruct the passage of a certain car of the said Middlesex Railroad Company then and there lawfully being and passing upon and along said track, by then

and there wilfully, maliciously and unlawfully driving and placing a certain wagon drawn by one or more horses driven by him the said Hicks upon said track, and by driving said wagon against said car, and by slowly driving in front of said car, and so did wilfully and maliciously obstruct, delay and hinder said car for a long time, to wit, one half hour," &c.

At the trial in the superior court, before *Brigham*, J., the *St.* of 1854, *c.* 434, was put in evidence, incorporating the Middlesex Railroad Company as a horse railroad company, and fixing the location of their road, by § 6 of which provision is made for the punishment of any person who shall " wilfully and maliciously obstruct said corporation in the use of said road or tracks, or the passing of the cars or carriages of said corporation thereon." The government then proved a vote of the mayor and aldermen of Boston, fixing the streets in which the track might be laid, including Beverly Street, and providing that the method of construction should be similar to that of the railroads in the city of New York, and that the work should be done to the satisfaction of the superintendent of streets and of the committee on paving. It was also proved that the company was duly organized under its charter, and that it had laid a track in Beverly Street and was in the possession and use thereof. The evidence also tended to show the commission by the defendant of the acts alleged in the indictment, in reference to a car belonging to another horse railroad company which was using the track in Beverly Street by the consent of the Middlesex Railroad Company, behind which, at a distance fixed by the general regulations for horse cars, a car of the Middlesex Railroad Company was also compelled to stop.

The defendant thereupon contended that the indictment could not be sustained without proof that the track was in the lawful possession of the Middlesex Railroad Company, and was lawfully used by them, and that said company had lawful authority to pass and run their cars upon and along the track in said street, for the following reasons: 1. Because the company could only lay a track in such streets as should be fixed by the mayor and aldermen, and the vote of the latter fixing the streets was

conditional upon the construction of the tracks in a certain method and to the satisfaction of the superintendent of streets and of the committee on paving, neither of which conditions had been proved to have been complied with; 2. Because there was no proof that the location had been assented to in writing by the company, as required by the charter; or that the charter had been accepted by the company in writing; or that ten per cent. of the capital stock of the company had been paid in within the time therein required. The defendant also requested the court to rule that, to establish the fact of obstruction as alleged, the government must prove that he was on the track, and hindered the progress of the car, and was requested to remove therefrom by persons having the management thereof, and could reasonably have removed, but did not.

The judge declined to give any of the foregoing instructions, and instructed the jury that if the Middlesex Railroad Company was organized, and was in the use and occupation of a railroad track in Beverly Street, located there by the city of Boston, after accepting the act incorporating the Middlesex Railroad Company, " a malicious and wilful obstruction of the cars of that corporation in the use of the corporation upon said track, by the defendant at the time alleged, would authorize the jury to find the defendant guilty upon this indictment," although there was no evidence of the various particulars mentioned in the defendant's prayer for instructions; that a wilful and malicious obstruction of the car of the other company using the track by the permission of the Middlesex Railroad Company, if intended to operate so as to obstruct the car of the Middlesex Railroad Company, which was upon said track in the rear of the other car, and if it did so operate with the knowledge and with the wilful and malicious intent of the defendant, was a malicious and wilful obstruction of the car of the Middlesex Railroad Company in the rear of the other car; and that it was not necessary to prove a demand or notice to the defendant to remove, and a refusal by him to do so.

The jury returned a verdict of guilty, and the defendant alleged exceptions; and he also filed a motion in arrest of

judgment, assigning, amongst other reasons which were not afterwards insisted on, that the offence was not alleged with such certainty and precision that the defendant could know the criminal act with which he was charged.

*H. W. Haynes*, for the defendant.

*Foster*, A. G., for the Commonwealth.

HOAR, J.    Three points have been presented by the defendant's counsel in support of this bill of exceptions, neither of which seems to be well taken.

1. The actual enjoyment and use of the franchise by the Middlesex Railroad Company were evidence sufficient to authorize the jury to find, in the absence of any proof to the contrary, that its location was lawful.    The provision of law for the punishment, as a criminal act, of the wilful and malicious obstruction of a railroad track, is not designed merely for the protection of the company in the enjoyment of its property.    It is intended as much for the security and protection of the passengers upon the road, as a provision for the public safety and convenience ; and it is much more questionable whether affirmative proof of irregularities in the proceedings of the company, such as were suggested in the defendant's prayer for instructions at the trial, would have availed him in defence, than whether the proof offered was sufficient to authorize the jury to find the facts necessary to support the indictment.

2. It was not necessary to prove that the defendant was requested to remove from the track, and refused to do so, if the jury were satisfied from other evidence that his obstructing the cars was wilful and malicious.    Such request and refusal are only one species of evidence that the obstruction is intentional.

3. The intention of the defendant to obstruct the car is sufficiently alleged by charging in the words of the statute that he did " wilfully and maliciously " obstruct it.    *Commonwealth* v. *Brooks*, 9 Gray, 299.    In *Commonwealth* v. *Temple*, 14 Gray, 69, it was settled that an actual purpose to obstruct the car is not necessary to constitute the offence; " that if a wilful intent to follow his own convenience, in violation of the equal rights of others, exists, it is sufficient."　　　　　*Exceptions overruled.*